**HOWIE & SMITH, L.L.P.**
ATTORNEYS AT LAW
1777 BOREL PLACE, SUITE 1000
SAN MATEO, CA 94402-3539
TEL: (650) 685-9300
FAX: (650) 212-0842

ROBERT G. HOWIE, SBN 057361
AUDREY SMITH, SBN 180836
ATTORNEYS FOR PLAINTIFFS ALIREZA KOOCHAKKHANI AND TARANEH ETEMADI

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| ALIREZA KOOCHAKKHANI AND TARANEH ETEMADI,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; CLEAR RECON CORP.; THE RMAC TRUST, SERIES 2016-CTT; CAPITAL ONE; ING DIRECT; ING BANK; GLOBAL FUNDINGS and DOES 1 TO 100, inclusive,<br><br>　　　　Defendants. | Case No. 3:19-cv-06412-SK<br><br>**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><br><br>Date: February 10, 2020<br>Time: 1:30PM<br>Place: Courtroom C, 15th Floor<br>Judge: Hon. Sallie Kim |

The Plaintiffs submit the following Case Management Conference Statement:

The court will note that this matter was removed by certain of the named defendant parties which have recently resolved their differences with the plaintiffs and have been dismissed. Defendant CAPITAL ONE has responded to service and has entered a stipulation on a response date to be filed before the hearing. Plaintiffs submit that a joint statement at this time would be impractical given the fact that CAPITAL ONE has been afforded an extension by plaintiffs until

1
PLAINTIFFS' CASE MANAGEMENT STATEMENT

the remaining named defendant, ING BANK, can be served and the factual chain of interests in the mortgage can be established.

The concentration of effort on the matter by the plaintiffs to date was the plaintiffs' having managed to avoid forced sale by foreclosure. This process evolved during last fall and January, 2020. The Plaintiffs remaining complaint revolves around their recent discovery of having been induced to enter a loan which would inevitably result in foreclosure of their home.

The court has requested a statement of grounds for the delay in service of the complaint to the remaining named defendants.

By way of a short introduction, the Plaintiffs are both immigrants from Persia who migrated through Germany and arrived in the United States with limited communication skills, both in oral and written. Persia and Germany have not only different languages, each country has its own signing practice, and each is different than the signing in the United States. Each of their geographic moves resulted in, or required, adapting to a new language and a new signing regimen. There is an overlay of cultural understanding which further complicates communication.

This is an American with Disabilities Act ("ADA") claim attacking the inception and enforcement of the note and deed of trust sold to the Plaintiffs under false pretenses and without "effective communication" as that process is described by the ADA and its regulations. The undersigned can represent that Plaintiffs are short of the means necessary to conduct the intensive effort required to bring in all defendants while litigating the future of their home.

**1. Jurisdiction and Service:**

There is currently a potential issue with jurisdiction which has delayed service. The first funding or underwriting organization was DEFENDANT ING BANK. The California Secretar of State has no record of ING BANK and no listing for an agent for service. Plaintiffs have served several organizations identified as ING FINANCIAL and ING HOME FINANCING during the last year. After long delays in responses to service, the undersigned has received

credible calls from these businesses in October and November of 2019 indicating that they are not the underwriters of the subject mortgage.

Plaintiffs are aware that ING BANK is located in the Netherlands and that the Netherlands is a signatory to the Hague Convention. Plaintiffs have begun the process through consul to effect service. Plaintiffs hope to have an estimate on a timetable for service by the time of the Case Management Conference.

**2. Facts:**

**Plaintiff's Facts**

Plaintiffs are both deaf and English is their third language. The plaintiffs were induced to enter an interest only loan which evolved into a fully amortized loan after ten (10) years. The only income ever available to the couple was and is disability income in a fixed amount which never substantially changes. This financial information was provided to the lender at the inception of the loan in 2007. In July, 2017 the loan terms changed the monthly payment from approximately $1300 a month to approximately $2900 per month. This monthly payment exceeded the total income of the couple both as reported to the bank at the inception of the loan and the approximately $2,400 monthly disability payment that existed at the time of the increase in payment. The financial discrepancy made refinancing impossible. This was predictable and never understood by plaintiffs as a result of a failure in "effective communication" at the time of the loan inception.

**Defendants' Facts**

As indicated above, this is not a joint statement but the defendants can be expected to raise defenses around the statute of limitations and the law of truth in lending at the time of the inception of the loan.

**3. Legal Issues:**

As indicated above, this is not a joint statement but the defendants can be expected to raise defenses around the statute of limitations and the law of truth in lending at the time of the

inception of the loan.

Plaintiffs argue that failure to "effectively communicate" under the circumstances of the transaction constitutes a continuing practice which is not discoverable until harm is known and law involving the ADA is designed to cure practices that victimize those who are known to be vulnerable to deception.

**4. Motions:**

Not known.

**5. Amendment of Pleadings:**

Discovery may reveal parties in the lending process not now known to Plaintiffs..

**6. Evidence Preservation:**

Not known

**7. Disclosures:**

The parties have not yet exchanged Initial Disclosures.

**8. Discovery:**

Plaintiff seeks records of the lending practice of defendants initiating the loan.

**9. Class Actions:**

Not Applicable.

**10. Related Cases:**

Plaintiffs have a pending action in this court for losses from a failed construction project on their home foundation.

**11. Relief:**

Plaintiffs has requested relief, as specified in their complaint. Equitable orders for correcting ADA policy and training at the bank. Damages in loss of their house, physical damages and for tortious breach of contract and fraudulent inducement by the lender.

//

**12. Settlement and ADR:**

To be determined.

**13. Consent to Magistrate Judge for All Purposes:**

All Parties have not yet consented to a magistrate judge for the handling of this matter.

**14. Other References:**

The Plaintiffs are not aware of other appropriate references.

**15. Narrowing Issues:**

The Plaintiffs are not aware of any way of narrowing the issues at this point in the litigation.

**16. Expedited Trial Procedure:**

The Plaintiffs do not believe an expedited trial is appropriate.

**17. Scheduling:**

The Plaintiffs will seek a proposed schedule.

**18. Trial:**

Plaintiffs believe that trial will be extended because of the need for interpreters, but should take no more than seven (7) days.

**19. Disclosure of Non-party Interested Entities or Persons:**

There are no changes to previously filed certifications.

**20. Professional Conduct:**

All counsel of record will have to review the Guidelines for Professional Conduct for the Northern District of California.

**21. Other matters:**

None at this time.

//

//

//

Respectfully submitted.

Dated: February 3, 2020 **HOWIE & SMITH, L.L.P.**

By: */s/ Robert G. Howie*
Robert G. Howie, Attorney for
PLAINTIFFS ALIREZA KOOCHAKKHANI and
TARANEH ETEMADI

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on February 4, 2020, on counsel of record in compliance with Federal Rule 5, Local Rule 5-6, by use of the Court's ECF system.

*/s/ Robert G. Howie*
Robert G. Howie, Esq.